IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | |
| v ) | Case No.: 19-10078-01-EFM |
| ) | |
| CAMARIN McPHERSON, ) | |
| ) | |
| *Defendant*. ) | |
| _____) | |

## MEMORANDUM AND ORDER

On November 21, 2019, Camarin McPherson was sentenced by this Court to a term of 162 months incarceration, to be followed by 3 years of supervised release, and a $100 special assessment to the crime victims fund, upon his conviction by plea to the count of Interference with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a). On October 9, 2020, he filed a Motion to Vacate under 28 U.S.C. § 2255. He was granted an extension of time to file a supplement to his motion, until January 5, 2021, but no supplement was filed.

On February 12, 2021, the Government filed a Motion to Compel (Doc. 76). Because McPherson's Motion to Vacate raised three claims regarding effective assistance of counsel, the Government asserted that McPherson had waived his attorney-client privilege. Therefore, the Government moved the Court to compel trial and sentencing counsel to provide an affidavit addressing counsel's advice to McPherson regarding the issues he raised. In response, counsel, Richard C. Paugh, asked the Court to issue an order limiting the information he was required to disclose.

In *United States v. Pinson*[1], the Circuit Court held that "when a habeas petitioner claims ineffective assistance of counsel, he impliedly waives attorney-client privilege with respect to communication with his attorney necessary to prove or disprove his claim."[2]  However, the Circuit Court cautioned, "the court must impose a waiver no broader than needed to ensure the fairness of the proceedings before it."[3]  Instead, it ruled that any required affidavit "should ideally be carefully tailored to protect prisoners' Sixth Amendment rights."[4]

McPherson's Motion to Vacate raises three claims challenging his trial and sentencing counsel's effectiveness:  Claim One, which claims that counsel deprived McPherson of his Sixth Amendment rights by not objecting to enhancements in the Presentence Investigation Report "to ensure the Judge would go with my plea agreement with the Government;" Claim Two which alleges that counsel deprived McPherson of his Sixth Amendment rights by failing to file a direct appeal after having been specifically instructed to do so verbally at some point after the sentencing hearing; and Claim Four which alleges that counsel deprived McPherson of his Sixth Amendment rights failing to object to a sentencing enhancement of reckless endangerment during flight, which fact was neither admitted to by McPherson's plea nor found by a jury.  The Government's Motion to Compel characterizes Claims One and Four as challenging counsel's strategic choices, and Claim Two as challenging counsel's failure to follow instructions from his client.[5]

Therefore, the Government moves the Court to compel counsel to provide an affidavit addressing (i) whether, as to these claims, counsel actually advised Defendant in the manner

---

[1] 584 F.3d 972 (10th Circuit, 2009).
[2] *Id.*, at 978.
[3] *Id.* (citations omitted).
[4] *Id.*, at 979 (citations omitted).
[5] McPherson's Motion to Vacate also raises claims at Claim Three that do not implicate effective assistance of counsel claims, and therefore are not relevant to this Order.

Defendant claims; (ii) whether counsel disregarded instructions to file a direct appeal on Defendant's behalf; (iii) what explanation counsel gave Defendant as justification for not challenging various [Sentencing] Guidelines enhancements that this Court applied to his sentence; and (iv) counsel's explanation of the strategic reasons behind his acts or omissions with respect to the claimed deficiencies in his performance.

Attorney Paugh, McPherson's trial and sentencing counsel, briefs the Court that he is required under the Kansas Rules of Professional Conduct to protect confidential information obtained during representation of a client, and to only reveal such confidential information to the extent he believes necessary to respond to allegations concerning his representation or to comply with a court order.

The Court agrees that a claim of ineffective assistance of counsel puts at issue otherwise confidential communications between an attorney and his client, and that proper adjudication of those claims require disclosure of such communications. The Court also acknowledges that such disclosures must be as narrowly tailored to the claims raised as possible, in the interests of protecting the [former] client's Sixth Amendment rights.

The Court generally agrees that the suggested parameters of the Government's requested affidavit are carefully tailored to respond to the allegations raised while continuing to protect McPherson's Sixth Amendment rights, with the exception of the first one. That suggestion involves counsel's actual advice to McPherson "in the manner the Defendant claims." Not only does the Court find that limitation disturbingly broad and vague, but it is not clear that McPherson's claims directly implicate advice he received from counsel.

Therefore, the Court grants the Government's Motion to Compel (Doc. 76), in part, and denies in part and orders counsel Richard C. Paugh to produce an affidavit addressing: (i)

whether counsel disregarded instructions to file a direct appeal on Defendant's behalf; (ii) what explanation counsel gave Defendant as justification for not challenging the Sentencing Guidelines enhancements that this Court applied to his sentence which McPherson has complained of in his Motion to Vacate; and (iii) counsel's explanation of the strategic reasons behind his acts or omissions with respect to the claimed deficiencies in his performance.  The affidavit is to be filed by March 22, 2021, unless the Court grants counsel and extension of time for such filing.  The affidavit is to be filed in this case, under seal, for parties' eyes only.

    IT IS SO ORDERED.

    Dated this 26th day of February, 2021.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE