IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff-Respondent,*

vs.

CAMARIN MCPHERSON,

    *Defendant-Petitioner.*

Case No. 19-cr-10078-EFM
20-cv-01277-EFM

**MEMORANDUM AND ORDER**

Petitioner Camarin McPherson brings this Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 61). McPherson brings four claims of ineffective assistance of counsel. Because McPherson has not shown that he is entitled to relief, the Court denies his motion.

**I.    Factual and Procedural Background**

The facts surrounding McPherson's judgment of conviction are as follows. On May 8, 2019, a grand jury indicted McPherson on charges of interference with commerce by means of robbery, using a firearm in relation to a crime of violence, possession of a firearm by a convicted felon, and possession of a controlled substance. On August 26, McPherson pleaded guilty to the robbery count, which was designated Count 1 in the Indictment, in violation of 18 U.S.C. § 1951(a). McPherson's plea agreement states that the following facts constitute this offense:

> On April 25, 2019, the defendant, acting in concert with another, did brandish and threaten the use of a firearm to subdue and gain the compliance of a clerk at the Sprint store located . . . in Wichita, Kansas, which is within the District of Kansas. He hog-tied the clerk and stole from the store 54 Apple iPhones and 24 Samsung Galaxy phones, of an approximate value of more than $60,000, as well as a 3LG Style 4 phones valued at $500 apiece.
>
> Sprint is a telecommunications company operating in an industry that affects interstate commerce. It was and remains engaged in the distribution and (re-)sale of products in interstate commerce, and the above-described robbery affected its ability to so operate.

At the change of plea hearing, McPherson admitted under affirmation and penalty of perjury that these facts were true. McPherson's plea agreement also contained a waiver of appeal and collateral attack provision in which McPherson waived his right to appeal or collaterally attack any matter in connection with the prosecution of his case, his conviction, or components of his sentence. The waiver provision excluded, however, any subsequent claim McPherson may have had with regard to ineffective assistance of counsel or prosecutorial misconduct.

The Court held a sentencing hearing on November 20, 2019. Prior to sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which set forth the offense conduct and calculated McPherson's total offense level under the United States Sentencing Commission Guidelines Manual (the "Guidelines"). The PSR calculated the base offense level as 20 under USSG § 2B3.1. The PSR then added five levels under § 2B3.1(b)(2)(C) because McPherson possessed and brandished a firearm during the commission of the robbery; added two levels under § 2B3.1(b)(4) because McPherson physically restrained a store employee to facilitate commission of the offense; added one level under § 2B3.1(b)(7)(B) because the loss was over $60,000; added two levels under § 3C1.2 because McPherson recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer; and subtracted three levels under § 3E1.1 because McPherson accepted

responsibility by timely entering a guilty plea. These calculations produced a total offense level of 27, which, when cross-referenced with McPherson's criminal history category of IV, resulted in an advisory Guidelines sentencing range of 130 to 162 months. The Court sentenced McPherson to 162 months' imprisonment on Count 1.

McPherson did not file a direct appeal. On October 9, 2020, McPherson filed the instant § 2255 motion asking the Court to vacate his conviction and sentence. On March 8, 2021, he filed a supplemental memorandum in support. McPherson asserts that his counsel was ineffective and raises four claims of relief. First, he asserts that his counsel "denied me of my Sixth Amendment rights by having me not object to the PSI/PSR enhancements" allegedly "to ensure the Judge would go with my plea agreement with the Government." Second, he asserts that his counsel "denied me my Sixth Amendment rights by failing to file a direct appeal after I gave him verbal instructions to do so" at some point after the sentencing hearing. Third, he asserts that his counsel "presented and let me accept a plea agreement, using a preponderance of the evidence standard to determine my offense level and letting the Judge enhance my sentence on Judge found facts." Fourth, McPherson asserts that his counsel denied him his Sixth Amendment rights "by failing to object to the legally erroneous imposition of an enhancement under the sentencing guidelines. At sentencing my counsel failed to oppose the application of the 3C1.2 enhancement (reckless endangerment during flight) which I didn't admit to during my plea colloquy and wasn't found guilty by jury of said enhancement."

McPherson filed his § 2255 motion pro se. After reviewing McPherson's motion and the government's response, the Court determined that it must hold a hearing as to McPherson's claims that his attorney did not object to the § 3C1.2 enhancement at his sentencing and that his attorney

did not file a notice of appeal. The Court assigned counsel to McPherson as to these claims and held a hearing on them on March 25, 2022.[1]

## II.     Legal Standard

Under 28 U.S.C. § 2255(a),

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

According to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts,

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . . If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

The petitioner must allege facts that, if proven, would warrant relief from his conviction or sentence.[2]

Additionally, McPherson appears pro se as to Claims 3 and 4 in his motion. His pleadings as to these claims are to be construed liberally and not held to the standard applied to an attorney's

---

[1] The Court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Here, the Court concludes that the motion and the records of the case conclusively show that McPherson is not entitled to relief as to Claims 3 and 4 in his motion. Therefore, the Court did not hold an evidentiary hearing as to these claims.

[2] *See Hatch v. Oklahoma*, 58 F.3d 1447, 1471 (10th Cir. 1995), *overruled in part on other grounds by Daniels v. United States*, 254 F.3d 1180, 1188 n.1 (10th Cir. 2001).

pleadings.³ If a petitioner's motion can be reasonably read to state a valid claim on which he could prevail, a court should do so despite a failure to cite proper legal authority or follow normal pleading requirements.⁴ It is not, however, "the proper function of the district court to assume the role of advocate for the pro se litigant."⁵ For that reason, the court shall not supply additional factual allegations to round out a petitioner's claims or construct a legal theory on his behalf.⁶

### III.     Analysis

McPherson asserts that he is entitled to relief based on his counsel's ineffective assistance. "The Sixth Amendment guarantees a defendant the effective assistance of counsel at 'critical stages of a criminal proceeding,' including when he enters a guilty plea."⁷ To succeed on a claim of ineffective assistance of counsel, a petitioner must meet the two-prong test set forth in *Strickland v. Washington*.⁸ Under *Strickland*, a petitioner must show: (1) his counsel's representation was constitutionally deficient because it fell below an objective standard of reasonableness, and (2) the deficiency prejudiced the petitioner because it deprived him of the right to a fair trial.⁹ To prevail on the first prong, a petitioner must demonstrate the omissions of his counsel fell "outside the wide

---

³ *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

⁴ *Id.*

⁵ *Id.*

⁶ *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

⁷ *Lee v. United States*, --- U.S. ---, 137 S. Ct. 1958, 1964 (2017) (quoting *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)).

⁸ 466 U.S. 668 (1984).

⁹ *Id*. at 687-88.

range of professionally competent assistance."[10] This standard is "highly demanding."[11] Strategic or tactical decisions on the part of counsel are presumed correct, unless they were "completely unreasonable, not merely wrong, so that [they] bear no relationship to a possible defense strategy."[12] The reasonableness of the challenged conduct must be evaluated from counsel's perspective at the time of the alleged error.[13] "[E]very effort should be made to 'eliminate the distorting effects of hindsight.' "[14]

With regard to the second prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[15] The court must determine "whether counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair."[16] Courts reviewing an attorney's performance must exercise deference, as "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."[17] A failure to prove one of the *Strickland* prongs is dispositive to a petitioner's claim, and a court may dispose of either the first or second prong, whichever is easier to resolve.[18]

---

[10] *Id.* at 690.

[11] *Kimmelman v. Morrison*, 477 U.S. 365, 382 (1986).

[12] *Fox v. Ward*, 200 F.3d 1286, 1296 (10th Cir. 2000) (quoting *Hatch*, 58 F.3d at 1459) (alteration in original).

[13] *See Edens v. Hannigan*, 7 F.3d 1109, 1114 (10th Cir. 1996) (citing *Strickland*, 466 U.S. at 689).

[14] *Id.* (quoting *Strickland*, 466 U.S. at 689).

[15] *Strickland*, 466 U.S. at 694.

[16] *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993) (citation omitted).

[17] *Strickland*, 466 U.S. at 690.

[18] *United States v. Orange*, 447 F.3d 792, 796-97 (10th Cir. 2006) (citations omitted).

**A.     Claim 1**

In the first ground of his § 2255 Petition, McPherson argues that his counsel denied him of his Sixth Amendment right by "having me not object to the PSI/PSR enhancements," so that "the Judge would go with my plea agreement with the Government." This claim fails because it does not meet the second prong of the *Strickland* analysis—prejudice to the petitioner.

To establish prejudice, McPherson must show that he would have received a different sentence if his counsel would have objected to the enhancements to the base offense level. McPherson has not met this burden because even if his counsel had objected, the Court would have overruled the objections for lack of merit. At the change of plea hearing, Defendant admitted under oath that he (1) brandished and threatened to use a firearm in committing the robbery, (2) hog-tied the clerk in doing so, and (3) stole 78 phones with a value of more than $60,000. These admissions established the facts for purposes of applying a five-level enhancement under § 2B3.1(b)(2)(C) (possessing and brandishing a firearm during the commission of the robbery); a two-level enhancement under § 2B3.1(b)(4) (physically restraining a store employee to commit the offense); and a one level enhancement under § 2B3.1(b)(7)(B) (loss of over $20,000). Thus, based on McPherson's admissions, the Court would have rejected any objection to the application of these enhancements, and his counsel's failure to raise an objection was not prejudicial.[19]

As to the two-level enhancement under § 3C1.2 (recklessly creating a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer), McPherson's counsel admitted during the hearing that the Court correctly applied the

---

[19] *See id.* at 797 ("If [an] omitted issue is without merit, then counsel's failure to raise it is not prejudicial, and thus is not ineffective assistance.").

§ 3C1.2 enhancement and that McPherson's previous counsel did not err in failing to object to it. Although McPherson did not admit to the facts underlying the § 3C1.2 enhancement in his plea colloquy, the government had evidence to substantiate it. Paragraph 29 of the PSR states that McPherson led officers on a vehicle chase after committing the robbery, during which he failed to stop, violated traffic laws, and endangered others by traveling at speeds approaching 80 miles per hour in residential areas. At the hearing, the government admitted into evidence the police report from one of the officers involved in the vehicle chase. That report corroborates the facts set forth in the PSR regarding the vehicle chase. Accordingly, any challenge to the enhancement lacks merit, and therefore McPherson cannot show that he was prejudiced by his counsel's failure to challenge it.[20]

McPherson cannot show that his counsel's failure to object to the sentencing enhancements prejudiced his defense because any challenge by his counsel to the enhancements would have lacked merit. Therefore, his claim fails under *Strickland*.

**B.     Claim 2**

McPherson next claims that his counsel, Richard Paugh, disregarded his verbal instructions to file a notice of appeal.[21] During the hearing, McPherson testified without context that he instructed Paugh to file a notice of appeal. Paugh then testified that when he met with McPherson after his sentencing, he did not discuss an appeal with him. Upon cross-examination, Paugh

---

[20] *Id*.

[21] The Court must address McPherson's claim that his counsel did not file a direct appeal despite the waiver of appeal provision in McPherson's plea agreement. In *United States v. Garrett*, 402 F.3d 1262 (10th Cir. 2005), the Tenth Circuit held that even when a defendant signs a plea agreement waiving his appellate rights, his attorney must still file an appeal if directed to do so. *Id*. at 1266 (citing *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004)). The appeal will be initially evaluated under the three-prong enforcement test set forth in *Hahn* to determine if the plea agreement waiver will be enforced. *Id*.

specifically testified that McPherson did not ask him to file an appeal.  This testimony is consistent with Paugh's affidavit, which he submitted in response to McPherson's Petition.

The Court finds Paugh's testimony to be credible.  Additionally, it would be extremely unlikely that an able and experienced criminal defense attorney, such as Paugh, would fail to file a notice of appeal on his client's behalf when the client requested he do so.  Accordingly, the Court finds that McPherson has failed to show ineffective assistance of counsel on this ground, and his Peition is denied on this basis.

**C.    Claim 3**

In his third ground for relief, McPherson argues that his counsel erroneously "presented and let me accept a plea agreement, using a preponderance of the evidence standard to determine my offense level and letting the Judge enhance my sentence on Judge found facts."  This claim is based on McPherson's misperception that the Sixth Amendment was violated when the Court determined the advisory Guidelines sentencing range based on its own fact-finding and a preponderance of the evidence standard.  According to McPherson, the Court should have applied a beyond a reasonable doubt evidentiary standard instead.

McPherson's argument misinterprets the law.  The Tenth Circuit has held that the standard of proof at sentencing for fact finding is a preponderance of the evidence, even when a contested fact has a significant impact on the sentence.[22]  Therefore, McPherson's counsel performed reasonably under the law even though he did not challenge the Court's factual findings under a preponderance of the evidence standard.  McPherson is not entitled to relief on this claim.

---

[22] *United States v. Robertson*, 946 F.3d 1168, 1171 (10th Cir. 2020) (citations omitted).

**D.     Claim 4**

McPherson's fourth claim asserts that his counsel denied him his Sixth Amendment right by not objecting to the Court's imposition of the Guideline's § 3C1.2 enhancement (reckless endangerment during flight) because he did not admit the facts underlying this enhancement during his plea colloquy and was not found guilty of these facts by a jury.

The Sixth Amendment requires any fact, other than a prior conviction, that increases the penalty for a crime beyond the prescribed statutory maximum or minimum be submitted to a jury and proved beyond a reasonable doubt.[23]  The Sixth Amendment is not violated, however, when judge-found facts are used to enhance a sentence within the prescribed statutory range.[24]  Here, although the § 3C1.2 enhancement was based on judge-found facts, the enhancement did not trigger a mandatory minimum sentence or increase McPherson's sentence beyond the statutory maximum of 20 years for a Hobb's Act robbery (the underlying offense).[25]  Because the Court applied the correct law in sentencing McPherson, counsel did not perform deficiently by failing to challenge the Court's use of judge-found facts regarding the § 3C1.2 enhancement.  Accordingly, McPherson's claim fails under the first *Strickland* prong.

Overall, the Court concludes that McPherson has not demonstrated that his attorney provided constitutionally deficient counsel, and therefore, his Petition is denied.

---

[23] *Alleyene v. United States*, 570 U.S. 99, 116 (2013) (holding that "facts that increase mandatory minimum sentences must be submitted to the jury" but noting that this holding "does not mean that any fact that influences judicial discretion must be found by a jury").

[24] *Id*.

[25] *See United States v. Cassius*, 777 F.3d 1093, 1097 (10th Cir. 2015) (stating that *Alleyene* does not apply to facts or an enhancement that increases only the advisory guideline range under the Guidelines).

## IV.     Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Proceedings requires the Court to grant or deny a certificate of appealability ("COA") when making a ruling adverse to the petitioner. A court may only grant a COA "if the applicant has made a substantial showing of the denial of a constitutional right."[26]  A petitioner satisfies this burden if "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[27]  For the reasons explained above, McPherson has not made a substantial showing of a denial of a constitutional right.  Therefore, the Court denies a COA.

**IT IS THEREFORE ORDERED** that McPherson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 61) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 7th day of April, 2022.

*[signature]*

ERIC F. MELGREN
CHIEF U.S. DISTRICT JUDGE

---

[26] 28 U.S.C. § 2253(c)(2).  The denial of a § 2255 motion is not appealable unless a circuit justice or a circuit or district judge issue a COA.  See 28 U.S.C. § 2253(c)(1).

[27] *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting *Tennard v. Dretke*, 524 U.S. 274, 282 (2004)).